UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ZEPHYRINUS CHIEDU EGBUONU, | ) | No. CV 08-05984-DSF (VBK) |
| Petitioner, | ) ) | MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS |
| v. | ) ) | CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |
| MICHAEL MUKASEY, et al., | ) ) | |
| Respondents. | ) ) | |

**INTRODUCTION**

On September 12, 2008, Zephyrinus Chiedu Egbuonu (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241;" "Memorandum of Law in Support of Petition for 'Writ of Habeas Corpus ... Relief' Pursuant to 28 U.S.C. §2241, and Petition for Stay of Removal Pending Resolution of His Petition for the Writ" ("Memorandum of Law"); and "Exhibits." Petitioner is currently confined at the Federal Detention Center in Oakdale, Louisiana. (See Petition at p. 1.)

The Court takes judicial notice of its own files and records and notes that on October 18, 2007, Petitioner filed an "Emergency Petition for Writ of Habeas Corpus for Declaratory and Injunctive

Relief" which was given Case No. CV 07-06765-DSF (VBK).[1]  On October 23, 2007, an Order was issued by United States District Judge Dale S. Fischer transferring the action to the United States Court of Appeals for the Ninth Circuit as a Petition for Review.

On June 10, 2008, the United States Court of Appeals for the Ninth Circuit issued an Order transferring the action to the United States Court of Appeals for the Fifth Circuit. (See Petition, Exhibit ["Ex."] 10.)

On June 13, 2008, the United States Court of Appeals for the Fifth Circuit issued the following Order on Petitioner's "Petition for Review of an Order of the Board of Immigration Appeals:" (1) Petitioner's Motion for a Stay of deportation pending review is denied; (2) Petitioner's Motion for bond or release from custody pending review is denied; (3) Petitioner's Motion to transfer the Petition for Review to the Ninth Circuit is denied; and (4) Respondent's Motion to dismiss the Petition for Review for lack of jurisdiction is granted. (See Petition, Ex. 1.)

On July 24, 2008, Petitioner filed a "Petition for Rehearing and Brief in Support" in the United States Court of Appeals for the Fifth Circuit. (Petition, Ex. 12.)

On August 4, 2008, the United States Court of Appeals for the Fifth Circuit issued a Mandate ordering that Petitioner's Motion for a Stay of deportation pending review be denied and ordering Respondent's Motion to Dismiss for lack of jurisdiction be granted. (Petition, Ex. 2.)

---

[1] See Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). (A Court may take judicial notice of its own files and records.)

1  On August 13, 2008, Petitioner filed a "Petition for Leave to
2 Resubmit Petition for Review to Board of Immigration Appeals ("BIA")
3 and Request for Stay of Removal" in the United States Court of Appeals
4 for the Ninth Circuit. (Petition, Ex. 15.)
5  On August 14, 2008, the United States Court of Appeals for the
6 Fifth Circuit issued an "Order Dismissing Petitioner's Petition for
7 Review Due to Lack of Jurisdiction." (Petition, Ex. 14.)

### PETITIONER'S CONTENTIONS

In the within Petition for Writ of Habeas Corpus, Petitioner seeks to remedy his unlawful and unconstitutional order of removal and detention by Respondents. (Petition at p. 1.) Petitioner alleges that the findings of the Immigration Judge, BIA, and the United States Court of Appeals for the Fifth Circuit are erroneous, not supported by substantial evidence and/or by the laws of the jurisdiction where the conviction occurred, and the trial record of conviction did not support the findings conclusion. (See "Memorandum of Law" at p. 4.)

### DISCUSSION

**A.  This Court Lacks Jurisdiction under the Real ID Act.**

The "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief 2005," Pub. L. No. 109-13, 119 SPAT. 231, was enacted on May 11, 2005. Division B of the Act is referred to as the "Real ID Act." Section 106 of the Real ID Act amended portions of §242 of the Immigration Nationality Act, 8 U.S.C. §1252 to eliminate federal habeas corpus jurisdiction over final orders of removal. Nadarajah v. Gonzalez, 443 F.3d 1069, 1075 (9th Cir. 2006). 8 U.S.C. §1252(b)(9) provides that:

> "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, **by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision**, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact."

8 U.S.C. § 1252(b)(9) (emphasis added).

A petition challenging a removal order must be directed to the court of appeals. See <u>Singh v. Gonzales</u>, 499 F.3d 969, 978 (9th Cir.2007). A habeas corpus petition challenging a final administrative order of removal, deportation, or exclusion pending on the date of enactment, i.e., May 11, 2005, shall be transferred by the district court to the appropriate court of appeals. REAL ID Act, Section 106(c); 8 U.S.C. §1252(b)(2).

Petitioner has been ordered removable and is now detained pursuant to 8 U.S.C. §1231. Petitioner argues that the basis for his detention - here, the November 30, 2007 final order of removal, is improper.(Petition, Ex. 9)  Any review of the lawfulness of Petitioner's detention would necessarily entail a review of the final order; this Court is thus without jurisdiction to consider his Petition.  See <u>Okere v. Gonzalez</u>, 230 Fed.Appx. 694, 695 (9th Cir.

4

1  (Wash.), 2007).

2  A petition for review with the court of appeals is the "sole and exclusive means for judicial review of an order of removal ..." 8 U.S.C. § 1252(a)(5). Accordingly, this Court lacks jurisdiction over the Petition. See <u>Iasu v. Smith</u>, 511 F.3d 881, 887 (9th Cir. 2007).

  Thus, to the extent Petitioner is challenging his prospective deportation, this Court is precluded from exercising jurisdiction over his Petition under the Real ID Act. Accordingly, Petitioner's habeas petition must be dismissed.

  Let Judgment be entered accordingly.

DATED: 10/8/08

_/s/ Dale S. Fischer_
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented this 30th day of September, 2008 by:

_____/s/_____
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE